## DONOVAN v. NATIONAL BANK OF DETROIT

TRUSTS—TAXES AND EXPENSES—ALLOCATION.

   Allocation of taxes and expenses between the income and principal of a trust in accordance with the Revised Uniform Principal and Income Act is proper where the trust instrument is ambiguous as to the source from which the taxes and the incidental expenses of the trusts are to be paid, it appears that the income beneficiary of the trust was intended by the settlor to be the favored beneficiary as opposed to the remaindermen, and deduction of all taxes and expenses from income would be inconsistent with the income beneficiary's favored position (MCLA § 555.52).

REFERENCE FOR POINTS IN HEADNOTE
33 Am Jur, Life Estates, Remainders, and Reversions § 432 *et seq.*

Appeal from Wayne, John M. Wise, J. Submitted Division 1 October 17, 1969, at Detroit. (Docket No. 6,820.) Decided December 4, 1969. Rehearing denied January 9, 1970. Leave to appeal granted March 24, 1970. See 383 Mich 774.

Complaint by Russell H. Donovan against National Bank of Detroit, trustee, and Margaret Morang and others, remaindermen, for a declaratory judgment that the taxes and incidental expenses of a trust must be apportioned between the trust income and principal. Declaratory judgment for plaintiff. Defendants Margaret Morang and others appeal. Affirmed.

*McClintock, Fulton, Donovan & Waterman* (*F. W. Heller,* of counsel), for plaintiff.

*Dickinson, Wright, McKean & Cudlip* (*Douglas D. Roche,* of counsel), for defendant National Bank of Detroit.

*Riseman, Lemke & Piotrowski,* for defendants Margaret Morang, Judith H. Morang, and Margaret M. Wonser.

Before: LESINSKI, C. J., and J. H. GILLIS and DANHOF, JJ.

DANHOF, J. Defendants-appellants, the remaindermen under a trust established by a codicil to the will of settlor Helen R. Hart, appeal the circuit court declaratory judgment that the taxes and incidental expenses of the trust must be apportioned between the trust income and principal as provided in the Revised Uniform Principal and Income Act.[1]

---

[1] MCLA § 555.51 *et seq.* (Stat Ann 1969 Cum Supp § 26.79[1] *et seq.*).

At issue is the interpretation of the following language contained in the trust instrument:

Paragraph *Second:*

"*A.* The trustee shall collect the income from the property comprising the trust estate, pay all·taxes and incidental expenses of the trust, and shall remit the net income derived therefrom, in monthly or other convenient installments, to my grandson, Russell Donovan, * * * so long as he shall live."

It is the defendants-appellants' position that this language expressly directs the trustee to deduct all taxes and incidental expenses of the trust from the trust income and is therefore within § 2 subd. (a)(1) of the Revised Uniform Principal and Income Act.[2]

It is the position of the plaintiff, income beneficiary under the trust, and also of the trustee bank that the trust instrument is silent as to the source from which the taxes and the incidental expenses of the trust are to be paid. They argue that while "net income" implies that some taxes and/or expenses are to be deducted from gross income prior to distribution, paragraph *Second A.* does not state

---

[2] MCLA § 555.52 (Stat Ann 1969 Cum Supp § 26.79[2]). It states:

"(a) A trust shall be administered with due regard to the respective interests of income beneficiaries and remaindermen. A trust is so administered with respect to the allocation of receipts and expenditures if a receipt is credited or an expenditure is charged to income or principal or partly to each

"(1) In accordance with the terms of the trust instrument, notwithstanding contrary provisions of this act;

"(2) In the absence of any contrary terms of the trust instrument, in accordance with the provisions of this act; or

"(3) If neither of the preceding rules of administration is applicable, in accordance with what is reasonable and equitable in view of the interests of those entitled ·to income as well as of those entitled to principal, and in view of the manner in which men of ordinary prudence, discretion and judgment would act in the management of their own affairs.

"(b) If the trust instrument gives the trustee discretion in crediting a receipt or charging an expenditure to income or principal or partly to each, no inference of imprudence or partiality arises from the fact that the trustee has made an allocation contrary to a provision of this act."

how the net income is to be computed; therefore, allocation of the taxes and expenses between the income and principal as provided in the Revised Uniform Principal and Income Act is proper.

Paragraph *Second A.* is ambiguous as to how the taxes and incidental expenses are to be apportioned; thus both of the interpretations presented are tenable. Therefore, the circuit judge correctly looked to the trust instrument as a whole in order to determine the settlor's intent. He found the plaintiff to be the primary beneficiary under the trust with the trustee granted extensive discretion to provide for him, even to the invading of the corpus of the trust.

Examination of the trust instrument has also convinced this Court that the settlor intended the plaintiff to be the favored beneficiary, and that she did not intend for the trustee to deduct all taxes and incidental expenses of the trust from the trust income as that construction would be inconsistent with plaintiff's favored position.

Therefore, paragraph *Second A.* does not contain terms contrary to the tax and expense allocation provisions of the Revised Uniform Principal and Income Act and they are applicable.

Affirmed, costs to appellees.

All concurred.